USDC-EDPA
REC'D CLERK

02 SEP -6 PM 6: 33

# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN LANE, | : CIVIL ACTION |
| Plaintiff, | : |
| | : NO. 02-2697 |
| v. | : |
| | : |
| BOROUGH OF BANGOR, | : |
| BANGOR POLICE DEPARTMENT | : |
| and JAMES PARRISH, JR., | : |
| | : |
| Defendants. | : |

**DEFENDANT JAMES PARRISH, JR.'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

**I.   ANSWER**

Defendant, James Parrish, Jr. ("Answering Defendant"), by his undersigned counsel, answers Plaintiff's Complaint as follows:

1. Admitted in part; denied in part. It is admitted that Plaintiff is an adult male individual. After reasonable investigation, Answering Defendant is without sufficient information to respond to the remaining allegations contained in paragraph 1 and they are, therefore, denied.

2. Denied. The allegations of paragraph 2 constitute conclusions of law to which no response is required.

3. Denied. The allegations of paragraph 3 constitute conclusions of law to which no response is required.

4. Denied. Allegations pertaining to jurisdiction are denied in strict proof thereof demanded at the time of trial.

5. The allegations of paragraph 5 are not directed to Answering Defendant. After reasonable investigation, Answering Defendant is without sufficient information to respond to the allegations contained in paragraph 5 and they are, therefore, denied.

6. The allegations of paragraph 6 are not directed to Answering Defendant and are, therefore, denied.

7. Admitted. By way of further answer, Answering Defendant was employed as a part-time police officer with the Bangor Police Department.

8. Denied. The allegations of paragraph 8 constitute conclusions of law to which no response is required. In any event, it is denied that Answering Defendant was a "policy making" official.

9. Denied. After reasonable investigation, Answering Defendant is without sufficient information to respond to the allegations contained in paragraph 9 and they are, therefore, denied.

10. Admitted in part; denied in part. It is admitted that Answering Defendant was driving his personal vehicle on Main Street in Bangor, Pennsylvania on September 6, 2000 at 7:45 a.m. The remaining allegations of paragraph 10 are denied.

11. Admitted in part; denied in part. It is admitted that Plaintiff approached Answering Defendant's vehicle and yelled at Answering Defendant that he was speeding. The remaining allegations of paragraph 11 are denied.

12. Admitted in part; denied in part. It is admitted that Answering Defendant was traveling in his vehicle on Main Street at the time Plaintiff yelled at him about his alleged high

rate of speed and that, after Plaintiff banged on Answering Defendant's car, Answering Defendant stopped his vehicle. The remaining allegations of paragraph 12 are denied.

13. Admitted in part; denied in part. It is admitted that Answering Defendant stepped out of his vehicle when Plaintiff banged on his vehicle and yelled at him that he was speeding. The remaining allegations of paragraph 13 are denied. It is specifically denied that Answering Defendant approached Plaintiff in a "menacing and threatening manner."

14. Admitted in part; denied in part. It is admitted only that, in response to Plaintiff poking Answering Defendant in the chest several times as he yelled obscenities at Answering Defendant for his alleged speeding, Answering Defendant restrained Plaintiff so as to prevent him from further contact with Answering Defendant. The remaining allegations of paragraph 14 are denied.

15. Admitted in part; denied in part. It is admitted that Answering Defendant asked Plaintiff if he had a radar detector in his head. The remaining allegations of paragraph 15 are denied.

16. Denied. After reasonable investigation, Answering Defendant is without sufficient information to respond to the allegations of paragraph 16 of Plaintiff's Complaint and they are, therefore, denied.

17. Denied. By way of further answer, Answering Defendant filed a private criminal complaint against Plaintiff relating to the September 6, 2000 incident for harassment in violation of Section 2709 of the Pennsylvania Crimes Code.

18. Denied. After reasonable investigation, Answering Defendant is without sufficient information to respond to the allegations of paragraph 18 of Plaintiff's Complaint and they are, therefore, denied.

19. Denied. The allegations of paragraph 19 constitute conclusions of law to which no response is required. To the extent that any allegations contained in paragraph 19 are deemed factual, they are also denied.

20. Denied. The allegations of paragraph 20 constitute conclusions of law to which no response is required. To the extent that any allegations contained in paragraph 20 are deemed factual, they are also denied.

21. Denied. The allegations of paragraph 21 constitute conclusions of law to which no response is required. To the extent that any allegations contained in paragraph 21 are deemed factual, they are also denied.

22. Denied. The allegations of paragraph 22 constitute conclusions of law to which no response is required. To the extent that any allegations contained in paragraph 22 are deemed factual, they are also denied.

23. Denied. The allegations of paragraph 23 constitute conclusions of law to which no response is required.

24. Denied. The allegations of paragraph 24 constitute conclusions of law to which no response is required.

25. Denied. The allegations of paragraph 25 constitute conclusions of law to which no response is required.

26. Denied. The allegations of paragraph 26 constitute conclusions of law to which no response is required.

27. Denied. After reasonable investigation, Answering Defendant is without sufficient information to respond to the allegations of paragraph 27 of Plaintiff's Complaint and they are, therefore, denied.

28. Denied. The allegations of paragraph 28 constitute conclusions of law to which no response is required.

29. Denied. The allegations of paragraph 29 constitute conclusions of law to which no response is required. To the extent any allegations contained in paragraph 29 are deemed factual, they are also denied because, after reasonable investigation, Answering Defendant is without sufficient information to respond.

30. Denied. The allegations of paragraph 30 constitute conclusions of law to which no response is required.

WHEREFORE, Answering Defendant requests that judgment be entered in his favor along with costs, reasonable attorney's fees and such other relief as the Court may deem just and proper.

## Second Cause of Action
### Malicious Prosecution

31. Answering Defendant incorporates his responses to paragraphs 1 through 30 of Plaintiff's Complaint above as if set forth fully herein.

32. Denied. The allegations of paragraph 32 constitute conclusions of law to which no response is required. To the extent that any allegations contained in paragraph 32 are deemed factual, they are also denied.

33. Denied. The allegations of paragraph 33 constitute conclusions of law to which no response is required. To the extent any allegations contained in paragraph 33 are deemed factual, they are also denied because, after reasonable investigation, Answering Defendant is without sufficient information to respond.

34. Denied. After reasonable investigation, Answering Defendant is without sufficient information to respond to the allegations of paragraph 34 of Plaintiff's Complaint and they are, therefore, denied.

WHEREFORE, Answering Defendant requests that judgment be entered in his favor along with costs, reasonable attorney's fees and such other relief as the Court may deem just and proper.

### Third Cause of Action
### False Arrest

35. Answering Defendant incorporates his responses to paragraphs 1 through 34 of Plaintiff's Complaint above as if set forth fully herein.

36. Denied. The allegations of paragraph 36 constitute conclusions of law to which no response is required. To the extent that any allegations contained in paragraph 36 are deemed factual, they are also denied.

37. Denied. The allegations of paragraph 37 constitute conclusions of law to which no response is required. To the extent that any allegations contained in paragraph 37 are deemed factual, they are also denied.

38. Denied. The allegations of paragraph 38 constitute conclusions of law to which no response is required.

39. After a reasonable investigation, Answering Defendant is without sufficient information to respond to the allegations of paragraph 39 of Plaintiff's Complaint and they are, therefore, denied.

WHEREFORE, Answering Defendant requests that judgment be entered in his favor along with costs, reasonable attorney's fees and such other relief as the Court may deem just and proper.

## Fourth Cause of Action
### Intentional Infliction of Emotional Distress

40. Answering Defendant incorporates his responses to paragraphs 1 through 39 of Plaintiff's Complaint above as if set forth fully herein.

41. Denied. The allegations of paragraph 41 constitute conclusions of law to which no response is required.

42. Denied. The allegations of paragraph 42 constitute conclusions of law to which no response is required.

43. Denied. The allegations of paragraph 43 constitute conclusions of law to which no response is required.

44. Denied. After a reasonable investigation, Answering Defendant is without sufficient information to respond to the allegations of paragraph 44 of Plaintiff's Complaint and they are, therefore, denied.

WHEREFORE, Answering Defendant requests that judgment be entered in his favor along with costs, reasonable attorney's fees and such other relief as the Court may deem just and proper.

## II.    AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Answering Defendant asserts every defense available to him under 42 U.S.C. § 1983.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendant has no knowledge or means of ascertaining the truth or falsity of the allegations concerning the injuries, sufferings and/or damages alleged to have been sustained

by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendant did not violate any of Plaintiff's constitutional rights.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by qualified immunity.

### FIFTH AFFIRMATIVE DEFENSE

There is no basis for awarding damages under the facts and circumstances of this case.

### SIXTH AFFIRMATIVE DEFENSE

Answering Defendant is liable for no damages, including punitive damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injuries as a result of any act or omission by Answering Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state causes of action upon which relief can be granted.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. § 8501, et seq.

### TENTH AFFIRMATIVE DEFENSE

It is averred that if Plaintiff sustained injuries and damages as alleged, they were due solely and/or primarily to Plaintiff's assumption of the risk of said injuries and damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the grounds of collateral estoppel, res judicata, laches, unclean hands, consent and/or waiver.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, sufferings and damages, if any, were caused by Plaintiff's own acts, omissions or conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was afforded all of the rights, privileges, and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

### FOURTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Answering Defendant were justified under the circumstances and at all times material hereto Answering Defendant acted in a manner which was proper, reasonable and lawful and in the exercise of good faith.

### FIFTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did Answering Defendant act in a willful, wanton, reckless and/or malicious manner.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent any damages are recoverable by Plaintiff, they must be mitigated in light of Plaintiff's provocation of Answering Defendant.

WHEREFORE, Answering Defendant requests that judgment be entered in his favor along with costs, reasonable attorney's fees and such other relief as the Court may deem just and proper.

### III. COUNTERCLAIM

#### COUNTERCLAIM OF JAMES PARRISH, JR.

1. The answers to Plaintiff's Complaint contained in paragraphs 1 through 44 above are reasserted as if alleged herein.

2. Counter-plaintiff Parrish ("Parrish") was off duty from his position as a part-time police officer with the Borough of Bangor when, on September 6, 2000 at around 7:45 a.m., he was driving in his vehicle on South Main Street in the Borough of Bangor, Pennsylvania.

3. At that time, a white male came running out into the street yelling in a very loud manner and banged on Parrish's car — startling Parrish to the point that he stopped his vehicle.

4. The male, later identified as Counter-defendant Martin Lane ("Lane"), banged on Parrish's car and yelled at Parrish, with obscenities, that he was speeding.

5. Parrish exited his car and asked Lane why he was banging on Parrish's car and how Lane could know that he was speeding.

6. Lane responded by screaming in Parrish's face and poking Parrish in the chest with his finger several times to punctuate his continued accusations that Parrish was speeding.

7. Parrish had not, in fact, been speeding at the time that Lane ran up to his vehicle, pounded on it, and screamed at him to stop speeding.

8. As a result of Lane's provocation of Parrish and Parrish's response to the provocation, Parrish was suspended from his employment with the Borough of Bangor and was subjected to public scorn and ridicule.

### Count I – Assault and Battery

9. Parrish incorporates ¶¶ 1 through 8 of his Counterclaim as fully and completely as though the same were herein at length alleged.

10. Lane's intentional poking of Parrish in the chest was an offensive contact to Parrish's person.

11. Lane did not have Parrish's consent to touch him.

12. Lane's actions created a reasonable apprehension in Parrish of immediate harmful or offensive contact to his person.

13. Lane's actions as alleged herein amounted to extreme, outrageous, and malicious behavior.

14. As a direct and proximate result of the assault and battery by Lane, Parrish has suffered and will continue to suffer, <u>inter alia</u>, mental anguish and humiliation for being threatened and assaulted for something he did not do.

WHEREFORE, Parrish demands that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees and such other relief and the Court may deem just and proper.

### Count II – Intentional Infliction of Emotional Distress

15. Parrish incorporates ¶¶ 1 through 14 of his Counterclaim as fully and completely as though the same were herein at length alleged.

16. Lane knew or should have known that his conduct would cause Parrish to suffer emotional distress.

17. Lane intentionally caused emotional distress to Plaintiff through conduct that was extreme, outrageous, and malicious.

11

18. Lane acted without justification in undertaking the conduct described herein.

19. Due to the conduct of Lane described herein, in which Parrish was so violently and wrongfully accused, Parrish was humiliated and embarrassed in a public setting.

20. Due to the conduct of Lane described herein, Parrish has suffered and will continue to suffer damage to his reputation, character, and good name.

WHEREFORE, Parrish demands that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees and such other relief and the Court may deem just and proper.

_____
John C. Romeo, Esquire
Maren Reichert, Esquire
Fox, Rothschild, O'Brien & Frankel LLP
2000 Market Street, Tenth Floor
Philadelphia, PA  19103-3291
(215) 299-2706/2103
Attorneys for Defendant/Counter-Plaintiff
James Parrish, Jr.

Dated:  September 6, 2002

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant James Parrish, Jr.'s Answer to Plaintiff's Complaint with Affirmative Defenses and Counterclaim was mailed to counsel for plaintiff and counsel for co-defendant, via first class mail, postage prepaid, on the 6th day of September, 2002, to the following addresses:

        Roger Mattes, Jr., Esquire
        Mattes & Mattes, P.C.
        324 North Washington Avenue
        Scranton, PA  18503
        *Counsel for Plaintiff, Martin Lane*

        David J. MacMain, Esquire
        Michael J. Butler, Esquire
        Montgomery, McCracken, Walker & Rhoads, LLP
        123 South Broad Street
        Philadelphia, PA  19109
        *Counsel for Defendants,*
        *Borough of Bangor and Bangor Police Department*

        _____
        Maren Reichert

Dated:  September 6, 2002