## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARTIN LANE,                          :
                                      :        CIVIL ACTION
             Plaintiff,        :
                                      :        NO. 02-2697
      v.                      :
                                      :
BOROUGH OF BANGOR,                    :
BANGOR POLICE DEPARTMENT              :
and JAMES PARRISH, JR.,               :
                                      :
           Defendants.       :

### ORDER

      AND NOW, this _____ day of _____, 2002, upon review of the Motion for

Judgment on the Pleadings of Defendants Borough of Bangor and Bangor Police Department, it

is hereby ORDERED that the Motion is GRANTED and the Complaint is dismissed with

prejudice.

                    IT IS SO ORDERED:

                                   _____
                                             J.

# THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARTIN LANE,                              :
                                          :     CIVIL ACTION
              Plaintiff,            :
                                          :     NO. 02-2697
      v.                        :
                                          :
BOROUGH OF BANGOR,                        :
BANGOR POLICE DEPARTMENT                  :
and JAMES PARRISH, JR.,                   :
                                          :
          Defendants.            :

## MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENDANTS BOROUGH OF BANGOR AND BANGOR POLICE DEPARTMENT

Defendants Borough of Bangor and Bangor Police Department ("Answering

Defendants"), for the reasons stated in their accompanying Memorandum hereby request that this

Court grant their motion for judgment on the pleadings and dismiss Plaintiff's Complaint with

prejudice

**FILED** ~~~ 2 9 2002

Respectfully submitted,

Dated: October 29 , 2002

_____
David J. MacMain
Michael J. Butler
Attorney I.D. Nos. 59320 and 81799
MONTGOMERY, MCCRACKEN,
   WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA  19109-1099
(215) 772-1500

Attorneys for Defendants
Borough of Bangor and
Bangor Police Department

## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARTIN LANE,                                         :
                                                     :        CIVIL ACTION
            Plaintiff,                     :
                                                     :        NO. 02-2697
      v.                                  :
                                                     :
BOROUGH OF BANGOR,                                   :
BANGOR POLICE DEPARTMENT                             :
and JAMES PARRISH, JR.,                              :
                                                     :
            Defendants.                    :

## BRIEF IS SUPPORT OF MOTION FOR JUDGMENT
## ON THE PLEADINGS OF DEFENDANTS BOROUGH OF
## BANGOR AND BANGOR POLICE DEPARTMENT

Defendants Borough of Bangor and Bangor Police Department ("Bangor") hereby

respectfully submit this Brief in Support of their Motion for Judgment on the Pleadings. As set

forth herein, plaintiff's §1983 claim asserted against the Bangor fails as a matter of law.

Namely, the threshold element of a §1983 claim is that a municipal employee, *while acting*

*under color of state law,* violated an individual's constitutional rights. However, in the present

case, the actions of individual defendant Parrish, a *part-time* police officer for Bangor (and other

police departments who are not named as defendants in this case), who confronted plaintiff while

*off-duty,* in what both plaintiff's complaint and answer of co-defendant Parrish describe as a

*private dispute*, cannot, as a matter of law, be categorized as being made 'under color of law' so

as to support a derivative §1983 claim against Bangor. This conclusion is further supported by

the fact that Parrish did not file charges against plaintiff as a Bangor Police Officer but rather

filed charges via a *private criminal complaint* as any private citizen could do. Accordingly,

since off-duty officer Parrish was not acting under color of law, there is no federal constitutional violation and no derivative §1983 claim which can be asserted against Bangor.

## I.    SUMMARY OF FACTS IN THE PLEADINGS

In his Complaint (attached as Exhibit A), Plaintiff Martin Lane alleges the following facts to support his claims: On or about September 6, 2002, at approximately 7:45 a.m., Plaintiff saw a vehicle traveling down Main Street at an excessive rate of speed. See Compl. ¶¶ 9-10. At which time, Plaintiff called to the driver, who was unknown to Plaintiff, to slow down. See id. ¶¶ 11-12. Defendant Parrish, the driver of the vehicle, stopped and got out of the car and approached Plaintiff in a "menacing and threatening manner." See id. ¶¶ 12-13.    Defendant Parrish said he was police officer and grabbed Plaintiff and threw him against his car. See id. ¶ 14. Defendant Parrish yelled at Plaintiff "Do you have a f-----g radar in your mind?" and *Next time* I'm bringing my handcuffs and hauling your ass to jail."

In his Answer to Plaintiff's Complaint (attached as Exhibit B), Defendant Parish admits to driving his personal vehicle on Main Street on September 6, 2000 at 7:45 a.m. See Parrish Ans. ¶ 10. Defendant Parish also admits that he and Plaintiff yelled at each other regarding the alleged high rate of speed of Defendant Parrish. See id. ¶ 13-14.

Plaintiff alleges that he received a citation as a result of the September 6, 2000 incident. See Compl. ¶ 17.

In his Counterclaim, Defendant Parrish states that it was Plaintiff who was the aggressor and who hit Defendant Parrish in the chest. See Parrish Counterclaim ¶ 6.  Notably, Defendant Parrish admits that he "filed a *private criminal complaint* against Plaintiff relating to the September 6, 2002 incident for harassment in violation of Section 2709 of the Pennsylvania Crimes Code."   See Parrish Ans. ¶ 17. The Court can take judicial notice from the attached

private criminal complaint and docket (attached as Exhibit C) that the Northampton County District Attorney's Office used its discretion and declined to prosecute the action.

On the basis of the foregoing, Plaintiff brings the present action against Bangor and co-defendant Parrish. Plaintiff asserts a single cause of action against Bangor, namely, a claim under 42 U.S.C. §1983. See Complaint, Count I.

Notably, Plaintiff does not expressly allege that Parrish was acting under color of law, rather, Plaintiff alleges only that Parrish was a "policy-making official acting in his official capacity and within the course and scope of his employment. . ." See Complaint, ¶8. Parrish has specifically denied that he was, as a part-time officer, a "policy-maker." See Answer, ¶8. Further, as will be set forth herein, the Court need not accept Plaintiff's conclusory legal assertions such as Parrish was a "policy-maker" for Bangor.

## II.  STANDARD OF REVIEW

The standard of review for a motion for judgment on the pleadings brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is the same standard of review for a motion brought pursuant to Rule 12(b)(6). See Smith v. School Dist. of Phila., 112 F. Supp.2d 417, 423, 423 n. 4 (E.D. Pa. 2000) (citations omitted); see also Fed. R. Civ. P. 12(h)(2) (providing a motion for failure to state a claim may be made in a motion for judgment on the pleadings). In determining whether or not to grant such a motion, a district court must accept as true "all factual allegations in the complaint and all reasonable inferences that can be drawn from them." Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). The court should dismiss a complaint, if "no relief could be granted under any set of facts which could be proved." Id. (citing D.P. Enters. v. Bucks County Community College, 725 F.2d 943, 944 (3d Cir. 1984)) This Court is authorized to "dismiss a claim on the basis of a dispositive issue of law.'" Thomas v. Ford

-3-

Motor Co., 70 F. Supp. 2d 521 (E.D. Pa. 1999) (citing Neitzke v. Williams, 490 U.S. 319, 326-27 (1989)).

## III.    ARGUMENT

In order to set forth a claim against a municipal defendant for civil rights violations under 42 U.S.C. § 1983, a Plaintiff must (1) prove that a municipal employee, *acting under color of state law*, violated his constitutional rights, (2) prove the existence of a municipal policy or custom that caused Plaintiffs' injuries, and (3) establish a causal connection between the policy and the alleged deprivation of their Constitutional rights.  See Monell v. New York City Department of Social Services, 436 U.S. 658 (1978).  Municipal "policy" – the second necessary element, may be established by a single edict or act of a municipal official with final policy-making authority.  St. Louis v. Praprotink, 108 S. Ct. 915 (1988).

In the present case, plaintiff's claims fail as to all three elements, and the deficiencies as to elements one and two are addressed below.

### A.    Plaintiff's Complaint Should Be Dismissed Because He Has Not and Cannot Allege Defendant Parrish Was Acting "Under Color Of State Law"

Plaintiff fails to state a claim upon which relief can be granted because he has not and cannot allege he was deprived of a constitutional or other federally secured right by a person *acting under color of state law*.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  Barna v. City of Perth Amboy, 42 F.3d 809, 815 (3d Cir. 1994) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).  Plaintiff has not and cannot allege that Defendant Parrish was acting under color of state law when while, *off-duty*, in his *private vehicle* and in the context of a *private dispute*, he

became engaged in an altercation with Plaintiff. Likewise, he was not acting under color of law when he later filed a *private criminal complaint* against Plaintiff.

The Third Circuit has held: "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the authority of state law." Barna, 42 F.3d at 816 (3d Cir. 1994) (holding off-duty officers did not exercise power possessed by virtue of state law when they became involved in physical altercation with Plaintiff during a private dispute). "Off-duty police officers who purport to exercise official authority will generally be found to have acted under color of state law." Id. However, "a police officer's purely private acts which are not furthered by any actual or purported state authority are not acts under color of state law." Id. "Mere knowledge that an actor is a police officer is not enough to show action under of color of state law." See Hunte, 897 F. Supp. at 842 (citing Barna 42 F.3d at 813, 817).

Courts have held in several similar cases that an off-duty officer acting in his personal capacity who becomes involved in an altercation with another private citizen is not acting "under color of state law."

For example, in Manning v. Jones, 696 F.Supp. 1231, 1233 (S.D.Ind. 1988), the defendants, off-duty officers, exited their vehicle and became engaged in an altercation with the plaintiff. See id. The defendants did not show their badges, draw a firearm, produce handcuffs, perform a custodial stop, detain the plaintiff or place plaintiff under arrest. See id. Accordingly, the court held that the off duty officers "did not act under color of law because the altercation in this case arose out of personal matters and no arrest was made." See id. at 1235 (citation omitted).

-5-

Likewise, in Pickard v. City of Girard, 70 F. Supp.2d 802, 803 (N.D. Ohio 1999), an off-duty officer was involved in auto accident with the plaintiff and thereafter told the plaintiff to clear his vehicle from the road. See id. The court held that, even assuming that the off-duty officer was acting officially when he asked the plaintiff to remove the car from the road, that act did not cause the plaintiff's injuries. See id. at 806. Rather, the plaintiff alleged injuries occurred when the off-duty officer shouted racial epithet and then punched him. See id. at 803. The court reasoned these injuries did not occur as the officer was exercising his authority as a police officer, and thus were not done "under color of law." See id. at 806.

Similarly, in Almand v. DeKalb County, 103 F.3d 1510, 1511-12 (11th Cir. 1997), the defendant, known by the plaintiff as a police officer, asked to come into the plaintiff's home to talk to her about her daughter while the officer was off-duty. See id. The plaintiff fought off the defendant's sexual advances and the defendant agreed to leave, but he reentered the home and forcibly raped the plaintiff. See id. The court held that although the officer was acting under color of law during the initial entry into the plaintiff's home, the second entry, which caused plaintiff's injuries, was a private act. See id. at 1514-15. The court reasoned that the off-duty officer committed a purely private that was similar to an act of "any other ruffian." See id.

While Plaintiff does allege that Defendant Parrish informed Plaintiff he was a police officer and said he would bring his handcuffs next time and "haul your ass to jail," no where in the Complaint does Plaintiff allege Defendant Parrish actually arrested him, flashed his badge, gave any commands, pulled out handcuffs, drew any weapons, radioed for backup, questioned Plaintiff or took any official action as a police officer. Rather, following this private dispute, Parrish filed charges later via a *private* criminal complaint.

-6-

In addition, the use or threatened use of police equipment is not enough to rise the level of state action. See Barna, 42 F.3d at 818 (holding off duty officer's use of police issued nightstick did not "color personal family dispute with the imprimatur of state authority"); Huffman v. County of Los Angeles, 147 F.3d 1054 (9th Cir. 1998) (holding off duty officer, who shot and killed individual with county's ammunition issued by sheriff's department, did not act under color of state law); Manning, 696 F.Supp. 1233 (holding off duty officer, who used black jack, did not act under color of state law).

Finally, the fact that Defendant Parrish filed a private criminal complaint following this incident further establishes that this was not a "state action" since any private citizen could have filed such a document. See Perkins v. Rich, 204 F. Supp. 98, 100 (D. Del. 1962) (holding off-duty officer who swore out personal complaint was not acting under color of state law because any private citizen could have swore out same complaint), aff'd, 316 F.32d 236 (3d Cir. 1963); see also Kile v. Betuel, 973 F. Supp. 1070, 1075 (S.D. Ga. 1997) (holding "doctor or lawyer, or even . . . unemployed" individuals' testimony is the same as an off-duty officer's if that testimony cause arrest warrants to be issued).

Here, Defendant Parrish acknowledges that he did file a private criminal complaint in his Answer to Plaintiff's Complaint. See Parrish Ans. ¶ 17. The complaint could have been filed by any private citizen and is reviewed by the District Attorney's Office to determine whether to prosecute the complaint.[1] Because Defendant Parrish did not act in his capacity as a police officer when he filed the criminal complaint, he cannot be said to have acted under the color of state law. See Perkins, 204 F. Supp. at 100.

---

[1] As seen by the attached docket of which this Court can take judicial notice, the District Attorney's Office used its discretion and did not prosecute the criminal complaint. See Exhibit A (Complaint and Docket).

Accordingly, as per the decisions in <u>Manning</u>, <u>Pickard</u> and <u>Almand</u>, Parrish was not acting or purporting to act under color of state law, and thus the single claim against Bangor fails as a matter of law.

**B.    Plaintiff's Complaint Should Be Dismissed Because He Has Not and Cannot Allege The Actions Of Defendant Parrish Represent An Official Policy Of The <u>Borough of Bangor And The Bangor Police Department</u>**

Plaintiff's allegations against the Borough also fail because he fails to allege a "policy" or custom of the Borough Defendants that violated his constitutional rights. A local government may only be held liable for a constitutional violation under 42 U.S.C. § 1983 when an unconstitutional act can be fairly said to represent an official policy or custom of the local government. <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978).

As noted previously, Plaintiff alleges that the Borough Defendants are liable under section 1983 because, in conclusory fashion, he declares that Defendant Parrish, a part-time, off-duty police officer, was a "policy-maker" of the Borough. Not only does the Court need not accept Plaintiff's conclusory legal assertion, but Parrish, in his answer, specifically denies that he was a "policy-maker." <u>See</u> Def. James Parrish, Jr.'s Answer to Pl.'s Compl. ¶ 8.

A municipality can be held liable under section 1983 "'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.'" <u>Id.</u> at 862 (quoting <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 694 (1978)).

While the existence of a policy or custom justifying the imposition of §1983 liability is ultimately a question of federal law, "whether an official had final policy-making authority is a question of state law." <u>Pembaur v. Cincinnati</u>, 475 U.S. 469, 481 (1986).

-8-

Perhaps in recognition that there is not a viable §1983 claim against Bangor, Plaintiff summarily alleges that part-time, off-duty Police Officer Parrish was a "policy-maker" for Bangor. It strains credulity to claim that a police officer, much less a part-time police officer, has policy-making authority for the municipality with whom he is employed. It is highly doubtful that Plaintiff will be able, in response to this motion, to cite a single case, statute or state regulation which bestows policy-making authority upon a part-time police officer. Rather, it is a matter of common sense, and clear and well-settled law, that only the Chief of Police, Borough Council, or Mayor can reasonably be considered a "policy-maker" for the police department at issue.

Accordingly, despite Plaintiff's conclusory allegation, former Officer Parrish, by his own admission, and by clear and well-settled law, was not a "policy-maker" for the Borough of Bangor and for this additional reason, Plaintiff's claims fail.

## III.    CONCLUSION

For all the foregoing reasons, the Borough Defendants respectfully request that this Court

grant the Borough Defendant's Motion for Judgment on the Pleadings, and dismiss Plaintiff's

Complaint with prejudice.


Respectfully submitted,


Dated: October 29, 2002

_____
David I. MacMain
Michael J. Butler
Attorney I.D. Nos. 59320 and 81799
MONTGOMERY, MCCRACKEN,
   WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA  19109-1099
(215) 772-1500

Attorneys for Defendants
Borough of Bangor and
Bangor Police Department

## CERTIFICATE OF SERVICE

I, Michael J. Butler, hereby certify that on this __29ᵗʰ__ day of October, 2002, I served a true and correct copy of the foregoing Motion for Judgment on the Pleadings of Defendant Borough of Bangor and Bangor Police Department by United States first-class mail, postage prepaid, upon the following:

> Roger Mattes, Jr., Esquire
> Mattes & Mattes, P.C.
> 324 North Washington Avenue
> Scranton, PA  18503
>
> Attorney for Plaintiff
>
>
> John C. Romeo, Esquire
> Fox, Rothschild, O'Brien & Frankel, LLP
> 2000 Market Street, 10th Floor
> Philadelphia, PA 19103
>
> Attorneys for Defendant James Parrish, Jr.

Michael J. Butler

EXHIBIT A

MAY-16-2002 THU 09:03 AM INSERVCO                    FAX NO. 91050140                      P. 05

05/15/2002  14:37   717-231-9296                                                    PAGE  04
FROM: LAW OFFICES  JERRY W. MILLERS, ETC. FAX: (PH) 8253700 VOICE: (PH) 8253700    FAX: (PH) INSURANCE; MAY 10, 2002  2:31:21 PM
       05/15/2002  11:10   6105886468                     BANGOR BORO                       PAGE  03

# RBS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN LANE<br>Plaintiff<br><br>VS.<br><br>BOROUGH OF BANGOR, BANGOR<br>POLICE DEPARTMENT and<br>JAMES PARRISH, JR.<br>Defendants | NO.  02-CV-2697<br><br>JURY TRIAL DEMANDED<br><br>MAY 0 6 2002 |

## COMPLAINT

AND NOW, comes the Plaintiff, Martin Lane, by and through his attorneys, Mattes & Mattes, P.C., who complains of the Defendants as follows:

1.    The Plaintiff, Martin Lane, is an adult individual who resides at 847 Totts Gap Road, Bangor, Northampton County, Pennsylvania.

2.    The Plaintiff alleges that the Defendants violated certain rights guaranteed to him under the United States Constitution and otherwise by their conduct caused the Plaintiff to be assaulted, detained and/or unlawfully charged with crimes and otherwise deprived of his life, liberty, freedom and property as hereinafter set forth.

3.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and applicable common law principles.

4.    Jurisdiction is founded upon the aforementioned constitutional and statutory provisions.

5.    The Defendant, Bangor Borough, is a Borough organized and existing under the laws of the Commonwealth of Pennsylvania with an address of 30 North First Street, Bangor, Northampton County, Pennsylvania.

6.    The Defendant, Bangor Police Department, is a duly authorized law enforcement agency organized and existing within the Borough of Bangor according to the laws of the Commonwealth of Pennsylvania with an address of 30 North First Street, Bangor, Northampton County,

MAY-16-2002 THU 09:04 AM INSERVCO          FAX NO. 97050140                P. 04

Case 2:02-cv-02697-TJS    Document 13    Filed 10/29/2002    Page 16 of 43

05/15/2002  14:37     717-231-9296                                    PAGE  05
FROM: Ten Higgins JOHN W. HIGGINS, INC. FAX: phy 02548 VOICE: phy 020-531
05/15/2002  11:10     6105886468                 BANGOR BORO          PAGE  04

Pennsylvania.

7.      The Defendant, James Parrish, is an adult individual, and was a Police Officer for the Defendants, Borough of Bangor and the Bangor Police Department, who currently resides at 61 Rainbow Drive, Bangor, Northampton County, Pennsylvania.

8.      At all time pertinent hereto, the Defendant, James Parrish, was a policy making official acting in his official capacity and within the scope and course of his employment for the Defendant Boroughs and the conduct to be described herein:

    (a)     was outrageous;
    (b)     was at all times performed by him while acting in his capacity as an agent or employee for the Defendant Boroughs;
    (c)     the Defendant Boroughs are believed to have authorized the doing and manner of acts to be alleged herein;
    (d)     the Defendant Parrish was unfit and the Defendant Boroughs were reckless in employing him; and/or,
    (e)     the Defendant Parrish was employed in a managerial or policy making capacity and all times acting within the scope of his employment; and/or,
    (f)     another agent and/or employee of the Defendant Boroughs acting in a managerial or policy making capacity directed and/or approved the acts alleged herein; and/or the conduct of the Defendant, Parrish, alleged herein was foreseeable.

9.      On or about Wednesday, September 6, 2000, at approximately 7:45 A.M., Plaintiff was in the process of taking his young children to the school bus stop on Main Street in Bangor, PA.

10.     Plaintiff observed an unmarked vehicle travelling down Main Street at an excessively, rapid speed.

11.     Fearing for the safety of his children, and for the safety of the other children at the bus stop, Plaintiff called out to the vehicle to slow down.

12.     The driver of the vehicle, now known to be the Defendant, James Parrish, slammed on the brakes of his vehicle and came to an abrupt halt in the middle of Main Street.

13.     Defendant, James Parrish, stormed out of the vehicle and approached Plaintiff in a

From: Tom Riggins John E. Roberts, Inc. Fax: (717) 829-6368 Voice: (717) 829-6768

menacing and threatening manner.

14.   Defendant identified himself as a police officer and proceeded to physically grab Plaintiff and to throw him up against his car.

15.   Throughout the confrontation, Defendant Parrish was screaming at the Plaintiff and using offensive language, such as "Do you have fucking radar in your mind?", and "Next time I'm bringing my fucking handcuffs and hauling your ass to jail".

16.   The entire confrontation occurred in full view and within earshot of all of the children at the bus stop, including the Plaintiff's children.

17.   As a result of the September 6, 2000 incident, the Plaintiff received a citation, the Plaintiff pleaded not guilty, the Defendant Parrish failed to appear for summary trial and the Plaintiff was acquitted of that charge.

18.   A citation was later issued under § 4107(b)(2) of the Vehicle Code, the Plaintiff pleaded not guilty and he was ultimately acquitted after summary trial.

19.   On this occasion, the Defendant Parrish was without any reasonable or lawful basis whatsoever to stop the Plaintiff, to detain him or arrest him.

20.   The Defendant Parrish knew or should have known that the Plaintiff did not engage in any conduct which could have properly result in citations being issued to the Plaintiff.

21.   The allegations made by the Defendant Parrish in the citations issued to the Plaintiff are false and there is no factual basis to properly support those allegations.

22.   The Plaintiff believes and, therefore, avers that the preparation and filing of these charges was:

  (a)   totally uncalled for;
  (b)   totally unsupported by any reasonable belief;
  (c)   totally unsupported by any lawful probable cause; and,
  (d)   initiated and continued as a result of negligent, reckless, willful, wanton, intentional, and/or calculated misconduct by some or all of the Defendants above stated in their individual capacities or as representatives of the

05/15/2002  14:37   717-231-9296                                                   PAGE  07
From: [ox Higgins JOHN W. HIGGINS, INC. FEE PHU 0.26460 VOICE: [ju] 828-9100
05/15/2002  11:10   6105896468                    BANGOR BORO                      PAGE  06

Defendant Boroughs, all of them had notice and knowledged of the Defendant Parrish's conduct and the other allegations set forth herein.

23.     The Defendant, Parrish's conduct is believed to have been intended to deprive the Plaintiff of his constitutional right against unreasonable searches and seizures and further, in retaliation for, or to deter the exercise of the constitutionally protected right to due process, to plead not guilty and to demand a hearing before an impartial tribunal.

24.     The right to be free from unreasonable searches and seizures, bad faith arrests and prosecutions and retaliation for the exercise of his constitutional rights to due process, to plead not guilty and to demand a hearing before an impartial tribunal is clearly established.

25.     The Defendants actually knew or should have known of these clearly established constitutional rights.

26.     The Plaintiff believes and, therefore, avers that the conduct of the above-named Defendants was in gross violation of his constitutional rights and deprived the Plaintiff of said rights, privileges and immunities under the Constitution of the United States as protected by the Fourth, Fifth and Fourteenth Amendments and also as secured by the Civil Rights Act under Title 42 USC § 193, et seq. and that the conduct of Defendants was in gross violation of his civil rights as protected by the Constitution of the Commonwealth of Pennsylvania under Article 1, §§ 1, 8, 25 and 26, and otherwise.

27.     Due to the aforesaid conduct of the Defendants, the Plaintiff, Martin Lane,

(a)     has suffered and will continue to suffer mental anguish;

(b)     was humiliated and embarrassed and held up to public scorn and ridicule having been assaulted, falsely and wrongfully interrogated, accused, charged, detained and/or arrested for something he did not do;

(c)     continues to feel humiliated and embarrassed for having been assaulted, falsely and wrongfully interrogated, accused, charged, detained and/or arrested for something that he did not do;

(d)     has suffered and will continue to suffer to the stigma that is attached hereto;

(e)     has suffered damage to his reputation, character and good name;

(f)     has incurred unnecessary legal fees, costs, expenses in an effort to successfully clear his good name, character and reputation, and otherwise be compensated for the losses as alleged herein; and,

(g)     has been damaged in his loss of freedom and deprivation of life, liberty and

05/15/2002  14:37  717-231-9296                                    PAGE  08
FROM: [illegible]  JOHN W. HIGGINS, INC.  FAX. [illegible]  [illegible]
05/15/2002  11:18  6185886468                    BANGOR BORO       PAGE  07

property without due process of law and further he has been deprived of this freedom from summary punishment and freedom from right to be without injury or deprivation caused by the state or its officials.

28.   The Plaintiff asserts this claim based upon the conduct of the Defendant Parrish when he was a duly authorized employee and agent of said Defendant Boroughs acting in conjunction with other as yet unidentified representatives of the Defendant Boroughs.

29.   As a result of the denial and deprivation of Plaintiff's civil rights he has been assaulted, arrested, detained, and falsely and wrongfully charged and has been and will continue to be damaged as above stated.

30.   At all times pertinent hereto, Defendants acted negligently, recklessly, intentionally and maliciously toward Plaintiff as hereinabove stated.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court:

(a)   award compensatory damages against all Defendants and each of them jointly and severally in an amount in excess of $150,000.00;

(b)   award punitive damages as against the Defendants and each of them;

(c)   award costs of this litigation including attorney's fees and costs to be paid by all Defendants and each of them jointly and severally to Plaintiff; and,

(d)   award such other further relief as this Court may deem appropriate.

## Second Cause of Action
## Malicious Prosecution

31.   Plaintiff herein incorporates ¶¶ 1 through 30 of his Complaint as fully and completely as though the same were herein at length reiterated.

32.   The Defendant, Parrish, by and through his conduct, as herein averred, has maliciously prosecuted the Plaintiff by arresting the Plaintiff and causing criminal charges to be filed against him and further causing him to be deprived of his life, liberty and property without probable cause.

33.   The Plaintiff believes and, therefore, avers that the above-referenced criminal proceedings have terminated in his favor.

05/15/2002 14:37  717-231-9296                          PAGE 09
FROM: JOHN HIGGINS JOHN W. HIGGINS, INC. FAX (717) ...          ...
05/15/2002 11:18  6105886468              BANGOR BORO           PAGE 08

34.     Plaintiff has suffered damages as above stated.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

    (a)     award compensatory damages against the Defendant, Parrish, and each of
            them jointly and severally in an amount in excess of $150,000.00;
    (b)     award punitive damages as against the Defendant, Parrish, and each of them
            jointly and severally in an amount in excess of $150,000.00;
    (c)     award cost of this litigation, including attorney's fees and costs, to be paid by
            the Defendant, Parrish, and each of them jointly and severally to Plaintiff; and,
    (d)     award such other further relief as this Court may deem appropriate.

### Third Cause of Action
### False Arrest

35.     Plaintiff herein incorporates ¶¶ 1 through 34 of his Complaint as fully and completely
as though the same were herein at length reiterated.

36.     The Defendant Parrish intentionally caused the confinement of the Plaintiff against
his will.

37.     The Defendant Parrish confined the Plaintiff under assertion of legal authority to do
so.

38.     The conduct of the Defendant Parrish was without probable cause.

39.     The conduct of the Defendant Parrish resulted in damages to the Plaintiff as above
referenced.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court:

    (a)     award compensatory damages against the Defendant, Parrish, and each of
            them jointly and severally in an amount in excess of $150,000.00;
    (b)     award punitive damages as against the Defendant, Parish, and each of them
            jointly and severally in an amount in excess of $150,000.00;
    (c)     award costs of this litigation, including attorney's fees and costs, to be paid
            by the Defendant, Parrish, and each of them jointly and severally to Plaintiff;
            and,

(d)     award such other further relief as this Court may deem appropriate.

### Fourth Cause of Action
### Intentional Infliction of Emotional Distress

40.     Plaintiff herein incorporates ¶¶ 1 through 39 of his Complaint as fully and completely as though the same were herein at length reiterated.

41.     The Defendant, Parrish, by and through his conduct knew or should have known that his conduct would cause the Plaintiff to be subjected to the infliction of emotional distress.

42.     The Defendant Parrish intentionally caused emotional distress to Plaintiff.

43.     The Defendant acted without justification in his conduct.

44.     The Plaintiff has suffered damages as above stated.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court:

(a)     award compensatory damages against the Defendant, Parrish, and each of them jointly and severally in an amount in excess of $150,000.00;

(b)     award punitive damages as against the Defendant, Parrish, and each of them jointly and severally in an amount in excess of $150,000.00;

(c)     award costs of this litigation, including attorney's fees and costs, to be paid by the Defendant, Parrish, and each of them jointly and severally to Plaintiff; and,

(d)     award such other further relief as this Court may deem appropriate.

Respectfully submitted,

MATTES & MATTES, P.C.

Attorneys for the Plaintiff
I.D. No. 64691
324 North Washington Avenue
Scranton, PA  18503-1578
(570) 969-2222

EXHIBIT B

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARTIN LANE,                          :
                                      :    CIVIL ACTION
                    Plaintiff,        :
                                      :    NO. 02-2697
          v.                          :
                                      :
BOROUGH OF BANGOR,                    :
BANGOR POLICE DEPARTMENT              :
and JAMES PARRISH, JR.,               :
                                      :
                    Defendants.       :

**DEFENDANT JAMES PARRISH, JR.'S ANSWER TO PLAINTIFF'S**
**COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

**I.    ANSWER**

Defendant, James Parrish, Jr. ("Answering Defendant"), by his undersigned counsel,

answers Plaintiff's Complaint as follows:

1.    Admitted in part; denied in part. It is admitted that Plaintiff is an adult male

individual. After reasonable investigation, Answering Defendant is without sufficient

information to respond to the remaining allegations contained in paragraph 1 and they are,

therefore, denied.

2.    Denied. The allegations of paragraph 2 constitute conclusions of law to which no

response is required.

3.    Denied. The allegations of paragraph 3 constitute conclusions of law to which no

response is required.

4.  Denied.  Allegations pertaining to jurisdiction are denied in strict proof thereof demanded at the time of trial.

5.  The allegations of paragraph 5 are not directed to Answering Defendant.  After reasonable investigation, Answering Defendant is without sufficient information to respond to the allegations contained in paragraph 5 and they are, therefore, denied.

6.  The allegations of paragraph 6 are not directed to Answering Defendant and are, therefore, denied.

7.  Admitted.  By way of further answer, Answering Defendant was employed as a part-time police officer with the Bangor Police Department.

8.  Denied.  The allegations of paragraph 8 constitute conclusions of law to which no response is required.  In any event, it is denied that Answering Defendant was a "policy making" official.

9.  Denied.  After reasonable investigation, Answering Defendant is without sufficient information to respond to the allegations contained in paragraph 9 and they are, therefore, denied.

10.  Admitted in part; denied in part.  It is admitted that Answering Defendant was driving his personal vehicle on Main Street in Bangor, Pennsylvania on September 6, 2000 at 7:45 a.m. The remaining allegations of paragraph 10 are denied.

11.  Admitted in part; denied in part.  It is admitted that Plaintiff approached Answering Defendant's vehicle and yelled at Answering Defendant that he was speeding.  The remaining allegations of paragraph 11 are denied.

12.  Admitted in part; denied in part.  It is admitted that Answering Defendant was traveling in his vehicle on Main Street at the time Plaintiff yelled at him about his alleged high

2

rate of speed and that, after Plaintiff banged on Answering Defendant's car, Answering

Defendant stopped his vehicle. The remaining allegations of paragraph 12 are denied.

13. Admitted in part; denied in part. It is admitted that Answering Defendant stepped out

of his vehicle when Plaintiff banged on his vehicle and yelled at him that he was speeding. The

remaining allegations of paragraph 13 are denied. It is specifically denied that Answering

Defendant approached Plaintiff in a "menacing and threatening manner."

14. Admitted in part; denied in part. It is admitted only that, in response to Plaintiff

poking Answering Defendant in the chest several times as he yelled obscenities at Answering

Defendant for his alleged speeding, Answering Defendant restrained Plaintiff so as to prevent

him from further contact with Answering Defendant. The remaining allegations of paragraph 14

are denied.

15. Admitted in part; denied in part. It is admitted that Answering Defendant asked

Plaintiff if he had a radar detector in his head. The remaining allegations of paragraph 15 are

denied.

16. Denied. After reasonable investigation, Answering Defendant is without sufficient

information to respond to the allegations of paragraph 16 of Plaintiff's Complaint and they are,

therefore, denied.

17. Denied. By way of further answer, Answering Defendant filed a private criminal

complaint against Plaintiff relating to the September 6, 2000 incident for harassment in violation

of Section 2709 of the Pennsylvania Crimes Code.

18. Denied. After reasonable investigation, Answering Defendant is without sufficient

information to respond to the allegations of paragraph 18 of Plaintiff's Complaint and they are,

therefore, denied.

3

19. Denied.  The allegations of paragraph 19 constitute conclusions of law to which no response is required.  To the extent that any allegations contained in paragraph 19 are deemed factual, they are also denied.

20. Denied.  The allegations of paragraph 20 constitute conclusions of law to which no response is required.  To the extent that any allegations contained in paragraph 20 are deemed factual, they are also denied.

21. Denied.  The allegations of paragraph 21 constitute conclusions of law to which no response is required.  To the extent that any allegations contained in paragraph 21 are deemed factual, they are also denied.

22. Denied.  The allegations of paragraph 22 constitute conclusions of law to which no response is required.  To the extent that any allegations contained in paragraph 22 are deemed factual, they are also denied.

23. Denied.  The allegations of paragraph 23 constitute conclusions of law to which no response is required.

24. Denied.  The allegations of paragraph 24 constitute conclusions of law to which no response is required.

25. Denied.  The allegations of paragraph 25 constitute conclusions of law to which no response is required.

26. Denied.  The allegations of paragraph 26 constitute conclusions of law to which no response is required.

27. Denied.  After reasonable investigation, Answering Defendant is without sufficient information to respond to the allegations of paragraph 27 of Plaintiff's Complaint and they are, therefore, denied.

28. Denied. The allegations of paragraph 28 constitute conclusions of law to which no response is required.

29. Denied. The allegations of paragraph 29 constitute conclusions of law to which no response is required. To the extent any allegations contained in paragraph 29 are deemed factual, they are also denied because, after reasonable investigation, Answering Defendant is without sufficient information to respond.

30. Denied. The allegations of paragraph 30 constitute conclusions of law to which no response is required.

WHEREFORE, Answering Defendant requests that judgment be entered in his favor along with costs, reasonable attorney's fees and such other relief as the Court may deem just and proper.

## Second Cause of Action
## Malicious Prosecution

31. Answering Defendant incorporates his responses to paragraphs 1 through 30 of Plaintiff's Complaint above as if set forth fully herein.

32. Denied. The allegations of paragraph 32 constitute conclusions of law to which no response is required. To the extent that any allegations contained in paragraph 32 are deemed factual, they are also denied.

33. Denied. The allegations of paragraph 33 constitute conclusions of law to which no response is required. To the extent any allegations contained in paragraph 33 are deemed factual, they are also denied because, after reasonable investigation, Answering Defendant is without sufficient information to respond.

34. Denied. After reasonable investigation, Answering Defendant is without sufficient information to respond to the allegations of paragraph 34 of Plaintiff's Complaint and they are, therefore, denied.

WHEREFORE, Answering Defendant requests that judgment be entered in his favor along with costs, reasonable attorney's fees and such other relief as the Court may deem just and proper.

### Third Cause of Action
### False Arrest

35. Answering Defendant incorporates his responses to paragraphs 1 through 34 of Plaintiff's Complaint above as if set forth fully herein.

36. Denied. The allegations of paragraph 36 constitute conclusions of law to which no response is required. To the extent that any allegations contained in paragraph 36 are deemed factual, they are also denied.

37. Denied. The allegations of paragraph 37 constitute conclusions of law to which no response is required. To the extent that any allegations contained in paragraph 37 are deemed factual, they are also denied.

38. Denied. The allegations of paragraph 38 constitute conclusions of law to which no response is required.

39. After a reasonable investigation, Answering Defendant is without sufficient information to respond to the allegations of paragraph 39 of Plaintiff's Complaint and they are, therefore, denied.

WHEREFORE, Answering Defendant requests that judgment be entered in his favor along with costs, reasonable attorney's fees and such other relief as the Court may deem just and proper.

**Fourth Cause of Action**
**Intentional Infliction of Emotional Distress**

40. Answering Defendant incorporates his responses to paragraphs 1 through 39 of Plaintiff's Complaint above as if set forth fully herein.

41. Denied. The allegations of paragraph 41 constitute conclusions of law to which no response is required.

42. Denied. The allegations of paragraph 42 constitute conclusions of law to which no response is required.

43. Denied. The allegations of paragraph 43 constitute conclusions of law to which no response is required.

44. Denied. After a reasonable investigation, Answering Defendant is without sufficient information to respond to the allegations of paragraph 44 of Plaintiff's Complaint and they are, therefore, denied.

WHEREFORE, Answering Defendant requests that judgment be entered in his favor along with costs, reasonable attorney's fees and such other relief as the Court may deem just and proper.

**II.    AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Answering Defendant asserts every defense available to him under 42 U.S.C. § 1983.

**SECOND AFFIRMATIVE DEFENSE**

Answering Defendant has no knowledge or means of ascertaining the truth or falsity of the allegations concerning the injuries, sufferings and/or damages alleged to have been sustained

7

by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendant did not violate any of Plaintiff's constitutional rights.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by qualified immunity.

### FIFTH AFFIRMATIVE DEFENSE

There is no basis for awarding damages under the facts and circumstances of this case.

### SIXTH AFFIRMATIVE DEFENSE

Answering Defendant is liable for no damages, including punitive damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injuries as a result of any act or omission by Answering Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state causes of action upon which relief can be granted.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. § 8501, et seq.

### TENTH AFFIRMATIVE DEFENSE

It is averred that if Plaintiff sustained injuries and damages as alleged, they were due solely and/or primarily to Plaintiff's assumption of the risk of said injuries and damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part on the grounds of collateral estoppel, res judicata, laches, unclean hands, consent and/or waiver.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, sufferings and damages, if any, were caused by Plaintiff's own acts, omissions or conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was afforded all of the rights, privileges, and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

### FOURTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Answering Defendant were justified under the circumstances and at all times material hereto Answering Defendant acted in a manner which was proper, reasonable and lawful and in the exercise of good faith.

### FIFTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did Answering Defendant act in a willful, wanton, reckless and/or malicious manner.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent any damages are recoverable by Plaintiff, they must be mitigated in light of Plaintiff's provocation of Answering Defendant.

9

WHEREFORE, Answering Defendant requests that judgment be entered in his favor along with costs, reasonable attorney's fees and such other relief as the Court may deem just and proper.

## III.    COUNTERCLAIM

### COUNTERCLAIM OF JAMES PARRISH, JR.

1.    The answers to Plaintiff's Complaint contained in paragraphs 1 through 44 above are reasserted as if alleged herein.

2.    Counter-plaintiff Parrish ("Parrish") was off duty from his position as a part-time police officer with the Borough of Bangor when, on September 6, 2000 at around 7:45 a.m., he was driving in his vehicle on South Main Street in the Borough of Bangor, Pennsylvania.

3.    At that time, a white male came running out into the street yelling in a very loud manner and banged on Parrish's car — startling Parrish to the point that he stopped his vehicle.

4.    The male, later identified as Counter-defendant Martin Lane ("Lane"), banged on Parrish's car and yelled at Parrish, with obscenities, that he was speeding.

5.    Parrish exited his car and asked Lane why he was banging on Parrish's car and how Lane could know that he was speeding.

6.    Lane responded by screaming in Parrish's face and poking Parrish in the chest with his finger several times to punctuate his continued accusations that Parrish was speeding.

7.    Parrish had not, in fact, been speeding at the time that Lane ran up to his vehicle, pounded on it, and screamed at him to stop speeding.

8.    As a result of Lane's provocation of Parrish and Parrish's response to the provocation, Parrish was suspended from his employment with the Borough of Bangor and was subjected to public scorn and ridicule.

10

## Count I – Assault and Battery

9.    Parrish incorporates ¶¶ 1 through 8 of his Counterclaim as fully and completely as though the same were herein at length alleged.

10.    Lane's intentional poking of Parrish in the chest was an offensive contact to Parrish's person.

11.    Lane did not have Parrish's consent to touch him.

12.    Lane's actions created a reasonable apprehension in Parrish of immediate harmful or offensive contact to his person.

13.    Lane's actions as alleged herein amounted to extreme, outrageous, and malicious behavior.

14.    As a direct and proximate result of the assault and battery by Lane, Parrish has suffered and will continue to suffer, inter alia, mental anguish and humiliation for being threatened and assaulted for something he did not do.

WHEREFORE, Parrish demands that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees and such other relief and the Court may deem just and proper.

## Count II – Intentional Infliction of Emotional Distress

15.    Parrish incorporates ¶¶ 1 through 14 of his Counterclaim as fully and completely as though the same were herein at length alleged.

16.    Lane knew or should have known that his conduct would cause Parrish to suffer emotional distress.

17.    Lane intentionally caused emotional distress to Plaintiff through conduct that was extreme, outrageous, and malicious.

11

18.     Lane acted without justification in undertaking the conduct described herein.

19.     Due to the conduct of Lane described herein, in which Parrish was so violently and wrongfully accused, Parrish was humiliated and embarrassed in a public setting.

20.     Due to the conduct of Lane described herein, Parrish has suffered and will continue to suffer damage to his reputation, character, and good name.

WHEREFORE, Parrish demands that judgment be entered in his favor and that he be awarded compensatory and punitive damages, reasonable attorney's fees and such other relief and the Court may deem just and proper.


John C. Romeo, Esquire
Maren Reichert, Esquire
Fox, Rothschild, O'Brien & Frankel LLP
2000 Market Street, Tenth Floor
Philadelphia, PA  19103-3291
(215) 299-2706/2103
Attorneys for Defendant/Counter-Plaintiff
James Parrish, Jr.

Dated:  September 6, 2002

12

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant James Parrish, Jr.'s Answer to
Plaintiff's Complaint with Affirmative Defenses and Counterclaim was mailed to counsel for
plaintiff and counsel for co-defendant, via first class mail, postage prepaid, on the 6th day of
September, 2002, to the following addresses:


Roger Mattes, Jr., Esquire
Mattes & Mattes, P.C.
324 North Washington Avenue
Scranton, PA  18503
*Counsel for Plaintiff, Martin Lane*

David J. MacMain, Esquire
Michael J. Butler, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
*Counsel for Defendants,*
*Borough of Bangor and Bangor Police Department*


Maren Reichert

Dated:  September 6, 2002

EXHIBIT C

15X

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF: NORTHAMPTON

**PRIVATE CRIMINAL COMPLAINT**

COMMONWEALTH OF PENNSYLVANIA

VS.

Issuing District District Number:
03-3-03

District Justice Name: Hon.
TODD M. STROHE
Address: 718 S. MAIN STREET
P.O. BOX 186
BANGOR, PA    18013-0186
Telephone: 610-588-3998

DEFENDANT:

NAME and ADDRESS:

Martin Lane
322 So. Main Street
Bangor, PA  18013

Docket No.: NT-0000626-00

Date Filed:  September 12, 2000

OTN:

(Above to be completed by court personnel)

(Fill in defendant's name and address)

Notice: Under PA Rules of Criminal Procedure, your complaint may require approval by the District Attorney before it can be accepted by the magisterial district court. If the District Attorney disapproves your complaint, you may petition the court of common pleas for review of the District Attorney's decision.

Fill in as much information as you have.

| Defendant's Race/Ethnicity: | Defendant's Sex | Defendant's D.O.B. | Defendant's Social Security Number | Defendant's SID (State Identification Number) |
|---|---|---|---|---|
| ☒ White  ☐ Asian   ☐ Black  ☐ Hispanic  ☐ Native American  ☐ Unknown | ☐ Female  ☒ Male | | | |
| Defendant's A.K.A. (also known as) | | Defendant's Vehicle Information: Plate Number          State          Registration Sticker (MO/YY) | | Defendant's Driver's License Number          State |

I    James A. Parrish, Jr.

(Name of Complainant - Please Print or Type)

do hereby state:  (check the appropriate box)

1:  ☒  I accuse the above named defendant who lives at the address set forth above
    ☐  I accuse the defendant whose name is unknown to me but who is described as _____

    ☐  I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I have therefore designated as John Doe
    with violating the penal laws of the Commonwealth of Pennsylvania at    So. Main St., Bangor, PA

(Place Political Subdivision)

in    NORTHAMPTON                        County on or about    September 6, 2000 @ 7:45 AM

Participants were:  (if there were participants

2.  The acts committed by the accused were:
    (Set forth a summary of the facts sufficient to advise the without more, is not sufficient. In a summary case, your r

    to wit:  See Attached Sheet

Prosecution—

Not Pros. by
District Attorney

w/ drawn

9-14-00
NT-626-00

Continuation of No. 2)

| | |
|---|---|
| Defendant's Name: | MARTIN LANE |
| Docket Number: | NT-0000626-00 |



**PRIVATE CRIMINAL COMPLAINT**

all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in violation of _____2709_____ and ___a1___

of the _PENNSYLVANIA CRIMES CODE_ (Section) (Subsection)

(PA Statute)

3. I ask that process be issued and that the defendant be required to answer the charges I have made.

4. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 PA. C.S. § 4904) relating to unsworn falsification to authorities.

September 12 _____ 2000 _____

(Signature of Complainant)

District Attorney's Office ☐ Approved ☐ Disapproved because: _____

(Name of Attorney for Commonwealth - Please Print or Type)     (Signature of Attorney for Commonwealth)     (Date)

AND NOW, on this date _____September 12_____ 2000 , I certify that the complaint has been

PAGE 03                    NC DJ STROKE              610-588-5537     15:23   09/05/2002

**PROBABLE CAUSE FOR PRIVATE CRIMINAL COMPLAINT**

**DISTRICT COURT 03-3-03**

COMPLAINANT'S NAME James A. Parrish, Jr.

ADDRESS 520 W. Applegate Ave. Pen Argyl, Pa. 18072

TELEPHONE NUMBER 610-863-1050

NAME OF THE ACCUSED Martin Carl.

ADDRESS OF THE ACCUSED

AGE, IF KNOWN OF THE ACCUSED

WHERE DID THE ALLEGED CRIME TAKE PLACE S. Main St. Bangor Pa. 18013
(address and township)

DATE & TIME OF OFFENSE 9-6-00 0745 a.m.

DO YOU KNOW WHAT CRIME(S) IN THE PENNSYLVANIA CRIMES CODE YOU WISH TO FILE ? Harassment.

IF YES, WHAT CRIME(S)? Harassment Pacc 2709 a 1

WERE THERE ANY WITNESSES TO THE CRIME ? Not that I can find.

IF YES, LIST THEIR NAMES AND CURRENT ADDRESSES:

PLEASE GIVE A SUMMARY OF EXACTLY WHAT HAPPENED, REMEMBER, USE EXACT LANGUAGE, STATEMENTS, WORDS, WHO SAID IT, WHO DID IT, AND WHAT THEY DID.

See attached statement.

(If more space is needed, use other side)

I verify that the facts set forth in this document are true and correct to the best of my knowledge or information and belief . This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 pa. CS 4904) relating to unsworn falsification to authorities.

[signature]
signature of affiant

9/12/00

Judge Strohe:

On Wed. Sept. 6, 2000 at about 0745 am, I was driving down S. Main St. when a white male came running out into the street yelling at me in a very loud manner. This startled me to the point that I stopped my vehicle to see what the problem was. This male, later identified as Martin Lane, began yelling at me, stating that I was speeding and that everyone else speeds and that the police do nothing about it. I stated, "if you have a complaint about me or anyone else that you should call the police chief or go to council, do not run out into the street yelling and stopping traffic. At this point he addressed me as Mr. Parrish, poked me in the chest and continued yelling.

At the time of the incident, Mr. Lane knew that I was a police officer and he still initiated a confrontation with me. At this time I would like to file a harassment charge against Martin Lane. Mr. Lane did with the intent to harass, annoy and alarm did shove me and did initiate the physical contact.

Sincerely,

James Parrish
520 W. Applegate Ave.
Pen Argyl, Pa. 18072



**JOHN M. MORGANELLI**
DISTRICT ATTORNEY

# COUNTY OF NORTHAMPTON

### OFFICE OF THE DISTRICT ATTORNEY
NORTHAMPTON COUNTY GOVERNMENT CENTER
669 WASHINGTON STREET
EASTON, PENNSYLVANIA 18042-7492
Phone: 610-559-3020
Victim / Witness Line: 610-559-3057
Fax: 610-559-3035

September 14, 2000

District Justice Todd M. Strohe
718 S. Main Street
P.O. Box 186
Bangor, Pennsylvania 18013-0186

Dear Justice Strohe:

It has come to my attention that James Parrish has filed a private criminal complaint with your office charging Martin Lane with the summary charge of harassment.

This is to advise you that pursuant to Pennsylvania Rules of Criminal Procedure 65 and 66, the Commonwealth is exercising its discretion to disapprove said charge. I direct your attention to the comment following Rule 66 which provides, in relevant part, "[T]he District Attorney may in the District Attorney's discretion require review of any summary complaint prior to its being submitted to the issuing authority." Accordingly, the summary charge of harassment filed privately by James Parrish against Martin Lane shall be discontinued.

Very truly yours,

JOHN M. MORGANELLI
DISTRICT ATTORNEY

JMM:cln

mailed & faxed

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF: **NORTHAMPTON**

**NOTICE OF WITHDRAWAL
OF CHARGES**

**COMMONWEALTH OF**

**PENNSYLVANIA**

Mag. Dist. No.:    **03-3-03**

DJ Name: Hon.
**TODD M. STROHE**
Address: **718 SOUTH MAIN STREET**
**P.O. BOX 186**
**BANGOR, PA**
Telephone: **(610) 588-3998      18013-0186**

**VS.**

DEFENDANT:        NAME and ADDRESS
**LANE, MARTIN
322 S. MAIN STREET
BANGOR, PA 18013**

TODD M. STROHE
718 SOUTH MAIN STREET
P.O. BOX 186
BANGOR, PA 18013-0186

Docket No.: **NT-0000626-00**
Date Filed:    **9/12/00**



Charge(s):

18 §2709 §§A1 HARASSMENT/STRIKE, SHOVE, KICK, ETC.

This is to notify you that pursuant to Rule 87 of the Pennsylvania Rules of Criminal Procedure, this Court has agreed to the withdrawal of the charge(s) in the above caption case. If you have questions regarding this Notice, please contact the Magisterial District Court at the address and telephone number provided above.

___**9/14/00**___ Date _____*Todd M. Strohe*_____ , District Justice

**SEAL**

My commission expires first Monday of January, **2006**.

**DATE PRINTED:**    9/14/00    **COMPLAINT NUMBER:**
                              **DATE COMPLAINT SIGNED:**    9/12/00

** TOTAL PAGE.09 **

09/05/2002  16:23    610-588-5537    NC DJ STROHE    PAGE  08



# TODD M. STROHE
District Justice
Magisterial District 03-3-03

718 South Main Street
Post Office Box 186
Bangor, PA 18013-0186
(610) 588-3998
(610) 588-5537

NORTHAMPTON COUNTY
Washington Township
Lower Mount Bethel Township
Upper Mount Bethel Township
Bangor Borough
East Bangor Borough
Portland Borough
Roseto Borough

September 14, 2000

James Parrish
520 W. Applegate Avenue
Pen Argyl, Pa 18072

RE:  NT-626-00    Private complaint

Dear Mr. Parrish:

Please be advised that the Private Criminal Complaint you filed against Mr. Martin Lane has been withdrawn by the District Attorney's office.

Please see that attached correspondence for their reasoning.

Very truly yours,

TODD M. STROHE
DISTRICT COURT 03-3-03

bls