### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN LANE** | : | **CIVIL ACTION** |
| | : | |
| | : | No. 02-CV-2697 |
| v. | : | |
| | : | |
| | : | |
| **BOROUGH OF BANGOR,** | : | |
| **BANGOR POLICE DEPARTMENT,** | : | |
| and **JAMES PARRISH, JR.** | : | |

### SCHEDULING ORDER

AND NOW, this 23rd day of December, 2002, following a preliminary pretrial conference, it is **ORDERED** as follows:

1. All motions to amend the complaint and to join or add additional parties shall be filed within thirty (30) days of the date of this Order.

2. All fact discovery shall be served, noticed and completed by **April 21, 2003**.

3. Counsel for each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) by expert report, deposition or answer to expert interrogatory no later than thirty (30) days before the date for completion of discovery.  If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve the information on counsel for every other party no later than fifteen (15) days before the date for completion of discovery.

4. Any party expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 with respect to the issues of liability and damages shall, at the time required for submission of information and/or reports for expert witnesses on

liability and damages set forth in the preceding paragraph, serve opposing parties with details and/or documents covering the lay opinions of the Rule 701 witnesses.

  5. All motions for summary judgment shall be filed no later than **April 28, 2003**, responses to any such motions shall be filed within the time permitted under Local Rule 7.1(c). Motions for summary judgment and responses shall be filed in the form prescribed in the Court's Notice to Counsel and Judge Savage's Scheduling and Motion Policies and Procedures.

  (a) The movant shall file, in support of the motion for summary judgment, a Statement of Undisputed Facts which sets forth, in numbered paragraphs, all material facts which the movant contends are undisputed;

  (b) The respondent shall file, in opposition to the motion for summary judgment, a separate Statement of Disputed Facts, responding to the numbered paragraphs set forth in the movant's Statement of Undisputed Facts, which the respondent contend present a genuine issue to be tried. The respondent also shall set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment.

  (c) All material facts set forth in the Statement of Undisputed Facts required to be served by the movant shall be taken by the Court as admitted unless controverted by the opposing party.

  (d) Statements of material facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the parts of the record which support each of the statements. Each stated fact and each statement that a material fact is disputed shall cite the source relied upon, including the title, page and line

of the document supporting the statement.

6. No brief or memorandum filed in support of or in opposition to any motion shall exceed 25 pages in length without prior leave of court.

7. Counsel for the parties are directed to contact Magistrate Judge M. Faith Angell's chambers on or before **March 7, 2003**, to schedule a settlement conference.

8. On or before **May 26, 2003**, counsel for each party shall serve upon counsel for every other party:

(a) the original or a copy of each exhibit they expect to offer at trial in furtherance of their respective contentions. Each party shall mark its trial exhibits <u>in advance of trial</u> with consecutive numbers appropriately prefixed with an identifying letter of counsel's choice;

(b) curriculum vitae for each expert witness expected to testify; and

(c) a specific identification of each discovery item expected to be offered into evidence.

9. All parties shall prepare and file with the Clerk of Court their pretrial memoranda in accordance with this Order and Local Rule of Civil Procedure 16.1(c), as follows:

>Plaintiff - on or before **May 26, 2003**.

>Defendants - on or before **June 2, 2003**.

In addition to compliance with Local Rule of Civil Procedure 16.1(c), the parties shall include in or attach to their pretrial memoranda the following:

(a) A listing of the identity of each expert witness to be called at trial by the party;

      (b)  a curriculum vitae for each expert witness listed;

      (c)  a listing of each fact witness to be called at trial with a brief statement of the nature of their expected testimony (witnesses not listed may not be called by that party in its case-in-chief);

      (d)  an itemized statement of claimant's damages or other relief sought;

      (e)  a statement of any anticipated important legal issues on which the Court will be required to rule, together with counsel's single best authority on each such issue.

      The pretrial memoranda shall be filed with the Clerk of the Court and two (2) copies shall be delivered to the Court.

10.    All motions in limine shall be filed no later than ten (10) business days before the final pretrial conference.  Responses, if any, shall be filed five (5) days after service of the motions in limine.

11.    A final pretrial conference will be held on **June 18, 2003 at 4:30 p.m.** in Chambers (Room 4006).

12.    The parties shall file proposed findings of fact and conclusions of law with the Clerk of the Court not later than seven (7) business days before the case is scheduled to appear in the trial pool.  Two (2) copies of the proposed findings of fact and conclusions of law shall be sent to the Court at Chambers.  Counsel are requested to provide the Court at Chambers a computer diskette in WordPerfect 9.0 for Windows format.

13.    No later than three (3) business days before the case appears in the trial pool, the parties shall file a complete and comprehensive stipulation of uncontested facts pursuant to Local Rule of Civil Procedure 16.1(d)(2)(b)(2).  The original shall be filed with the Clerk of the Court, and two (2) copies shall be submitted to the Court at Chambers.

14. At the commencement of trial, the parties shall provide the Court with three (3) copies of a schedule of exhibits which shall briefly describe each exhibit. At the trial, the parties shall provide the Court with two (2) copies of each exhibit. Exhibits shall be arranged and tabbed in a ring binder.

15. This case will be listed in the trial pool for **June 30, 2003 in Courtroom 15B**. This Scheduling Order is the only written notice counsel will receive of the date this case will be tried. Counsel and all parties shall be prepared to commence trial on that date and as soon thereafter as counsel receive telephone notice that trial is to commence. Counsel should have the responsibility to maintain contact with the deputy clerk once the case goes into the pool. Every effort will be made to give counsel at least 24 hours notice and hopefully 48 hours notice of commencement of trial. Pool cases are to be ready for trial as of the date they are placed in the pool and are frequently not called in the order in which they appear.

16. Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; (b) the adequacy of the qualifications of an expert witness expected to testify; (c) the admissibility for any reason other than relevancy of any item of evidence expected to be offered, or (d) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 shall set forth separately each such objection, clearly and concisely, in their pretrial memorandum. Such objection shall describe with particularity the ground and the authority for the objection. The Court can be expected to overrule any objection offered at trial in respect to any matter covered by this paragraph if the Court concludes that the objection should have been made as required by this Order.

17. Only those exhibits, discovery items and expert witnesses identified in the

manner set forth in this Order shall be considered by the Court for admission into evidence at trial, unless stipulated to by all affected parties and approved by the Court, or by Order of Court so as to avoid manifest injustice.

18. Because a witness may be unavailable at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of any witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert. The unavailability of any such witness will not be a ground to delay the commencement or progress of an ongoing trial. In the event a deposition is to be offered, the offering party shall file with the Court, three business days prior to the commencement of the trial, a copy of the deposition, but only after all efforts have been made to resolve objections with other counsel. Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary.

TIMOTHY J. SAVAGE, J.